### State v. Butts
### Case No. CA-7907
### Stark County (5th)
### Decided February 28, 1990
[Cite as 1 AOA 183]

*For Plaintiff-Appellee: Robert D. Horowitz, Stark County Prosecutor, Ronald Mark Caldwell, Assistant Prosecutor, P. O. Box 20049, Canton, OH 44701,*

*For Defendant-Appellant: Robert G. Lavery, 120 S. Union Avenue, Alliance, OH 44401.*

PUTMAN, P.J.

This is an appeal in a criminal case from a judgment entry of sentence entered upon a plea of guilty. The crime was petty theft (R.C. 2913.02). The only assignment of error is that

reimposed following a parole violation entered in Columbiana County. The parties agree that the Columbiana County sentence was for a felony.

Appellant argues that paragraph A of R.C. 2929.41 relative to multiple sentences requires that misdemeanor sentences must be served concurrently with felony sentences. The paragraph reads:

> (A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or of the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution.
> (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
> (1) When the trial court specifies that it is to be served consecutively; ...

We read the plain language of Paragraph (B) to apply to this case.

That is to say the trial court here has specified that the sentence is to be served consecutively. That is the exception referred to in Paragraph (A) that we read to exist in Paragraph (B). In our opinion, the plain language of the statute justifies affirmance. In addition to the plain language of the statute, the sound reasons behind the entire fabric of the criminal law generally and sentencing particularly militate against a rule that would allow a felony probationer a license to commit misdemeanors free from the apprehension of additional punishment other than the reimposed suspended felony sentence.

Accordingly, the sole assigned error is overrule and the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. We will certify a conflict. See the judgment entry.

MILLIGAN, J. and SMART, J. Concur.